NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 23, 2010[*]
Decided December 1, 2010

**Before**

MICHAEL S. KANNE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 09-2070

| | |
|---|---|
| SHONE FOSTER,<br>    *Plaintiff-Appellant*, | Appeal from the United States District<br>Court for the Central District of Illinois. |
| *v.* | No. 07-3155 |
| TAMMY POWELL,<br>    *Defendant-Appellee*. | Harold A. Baker,<br>*Judge* |

**O R D E R**

In this action under 42 U.S.C. § 1983, Shone Foster claims that Tammy Powell, a shift commander at the Sangamon County Detention Facility, violated the First and Fourteenth Amendments by threatening him while he was in pretrial detention. Foster had asked why the jail was on lockdown, and Powell scoffed, "Top Secret, if I told you, I'd have to kill you." Foster says this expression was not jest and that he feared for his life. And he grew more anxious, he continues, after filing a grievance and being confronted by Powell, who accused him of trying to ruin her career and warned that she could make his stay "very uncomfortable" if he did not "back off." Foster did not relent but instead named Powell in

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

a second grievance. After that he had no further contact with her and suffered no adverse action at the jail.

At screening, *see* 28 U.S.C. § 1915A, the district court allowed Foster's retaliation theory to proceed, but later the court dismissed the suit because Foster had not updated his mailing address upon being released from jail. At Foster's urging, however, the court reconsidered that ruling and reinstated the suit. The court then granted summary judgment for Powell on the ground that her isolated comments, uncoupled from any adverse action, could not have deterred a reasonable person from exercising his First Amendment rights.

On appeal Foster primarily challenges the rescinded procedural dismissal, but we construe his pro se filings to contest also the grant of summary judgment for Powell. *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). Even so, the district court properly decided that, as a matter of law, Powell's remarks could not have deterred a reasonable person from exercising his First Amendment rights. *See Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009); *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982); *Thaddeus-X v. Blatter*, 175 F.3d 378, 398 (6th Cir. 1999). Indeed Foster's own conduct makes this point evident, since his immediate reaction to both conversations with Powell was to file a grievance. And there is no evidence that he suffered an adverse action while confined, i.e., discipline, altered conditions of confinement, loss of privileges, reassignment, or otherwise.

AFFIRMED.